858

Michael S. YOUNG, Petitioner,

v.

**FEDERAL MEDIATION AND CONCILIATION SERVICE,** Respondent.

No. 03–3101.

United States Court of Appeals, Federal Circuit.

DECIDED: May 30, 2003.

Before NEWMAN, BRYSON, and LINN, Circuit Judges.

NEWMAN, Circuit Judge.

Michael S. Young petitions for review of the decision of the Merit Systems Protection Board, *Young v. Federal Mediation and Conciliation Service,* 93 M.S.P.R. 99 (2002), dismissing the appeal for failure to state a claim upon which relief can be granted. The decision is *affirmed.*

## BACKGROUND

On August 31, 1995 Mr. Young filed an application for employment with the Federal Mediation and Conciliation Service ("Agency" or "FMCS"), seeking the excepted service position of Mediator GS–12 in response to a recruitment bulletin. The Agency responded by letter on September 14, 1995, stating that Mr. Young met the minimum qualifications for the position and that his application would be kept on file and would be considered for upcoming vacancies. The Agency also informed Mr. Young that only a small number of candidates are selected, and that he would need to update his application annually.

Although there was continuing correspondence between Mr. Young and the Agency, Mr. Young was not awarded a position as mediator. Mr. Young filed a complaint with the Director of the Office of Personnel Management on September 9, 1997. After further correspondence with the Office of Personnel Management, and the filing on April 12, 1999 of another

application for employment with the FMCS, Mr. Young still was not selected for a mediator position.

On April 23, 2001 Mr. Young filed a complaint with the Secretary of Labor, stating that his veterans' preference rights were violated under the Veterans Employment Opportunities Act of 1998, Pub. L. No. 105–339, 112 Stat. 3182 (1998) ("VEOA"). The record states that the Secretary of Labor did not respond. Mr. Young then appealed to the Merit Systems Protection Board ("MSPB"), stating that the VEOA had been violated. After advising the parties that she could consider only agency actions taken after the October 31, 1998 effective date of the VEOA, the Administrative Judge found that Mr. Young had established Board jurisdiction under the VEOA, finding that he was veterans preference eligible, he had claimed that his veterans preference rights had been violated, and he had exhausted administrative remedy by writing to the Department of Labor. The Administrative Judge then dismissed the appeal for "fail[ure] to state a cognizable claim under the VEOA." The Administrative Judge stated that the dismissal was "on the basis that the appellant did not cite to a veterans' preference statute or regulation that had been violated, but instead referred to the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301–4333) (USERRA), which is not a veterans' preference law."

The full Board denied Mr. Young's petition for review of the initial decision, but reopened the appeal on its own motion. The Board then held that "this pleading deficiency is not a proper ground for dismissal, because 'pro se petitioners are not expected to frame issues with the precision of a common law pleading.'" While observing that 5 C.F.R. § 1208.23(a)(3) requires an appellant to include in his appeal "[a] statement identifying the statute or regulation relating to veterans' preference that was allegedly violated," the Board observed both that Mr. Young "did allege in general terms that his VEOA preference rights were violated" when he was not selected for the position of mediator with the FMCS, and that the Administrative Judge "did not instruct the appellant of the need to identify specific statutory or regulatory provisions."

Nonetheless, the Board again dismissed Mr. Young's appeal for "failure to state a claim upon which relief can be granted." The Board ruled that the FMCS is not required to apply veterans preference law to mediator positions with the FMCS because such appointments, made under 29 U.S.C. § 172(b), are not subject to the provisions of Title 5. The Board held that since § 172(b) exempts mediator appointments from "the civil service laws," these appointments are exempt from application of the veterans preference laws codified in Title 5. The Board did not consider Mr. Young's age discrimination claim, citing *Ruffin v. Department of the Treasury,* 89 M.S.P.R. 396, ¶¶ 10–12 (2001).

This appeal followed.

## DISCUSSION

■ We review the Board's decision, 5 U.S.C. § 7703(c), to determine if it was 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence. *Chase–Baker v. Dep't of Justice,* 198 F.3d 843, 845 (Fed.Cir.1999).

■ Mr. Young states that he is qualified for veterans preference, and that the MSPB applied the wrong law. He states that the applicable law is 5 U.S.C. § 3330 [sic: § 3330a] (a)(1), (2)(A–B) and (3) of the Veterans Employment Opportunities Act of 1998, and requests "immediate hiring to the applied for position" and other reme-

dies. 5 U.S.C. § 3330a provides, in relevant part:

§ 3330a. Preference eligibles; administrative redress

(a) (1) A preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor.

(2) (A) A complaint under this subsection must be filed within 60 days after the date of the alleged violation.

(B) Such complaint shall be in writing, be in such form as the Secretary may prescribe, specify the agency against which the complaint is filed, and contain a summary of the allegations that form the basis for the complaint.

(3) The Secretary shall, upon request, provide technical assistance to a potential complainant with respect to a complaint under this subsection.

\* \* \* \* \* \*

(d)(1) If the Secretary of Labor is unable to resolve a complaint under subsection (a) within 60 days after the date on which it is filed, the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board in accordance with such procedures as the Merit Systems Protection Board shall prescribe, except that in no event may any such appeal be brought—

(A) before the 61st day after the date on which the complaint is filed; or

(B) later than 15 days after the date on which the complainant receives written notification from the Secretary under subsection (c)(2).

\* \* \* \* \* \*

(e)(1) This section shall not be construed to prohibit a preference eligible from appealing directly to the Merit Systems Protection Board from any action which is appealable to the Board under any other law, ·rule, or regulation, in lieu of administrative redress under this section.

5 U.S.C. § 3330a. The MSPB received Mr. Young's appeal under this statute. The MSPB then held that since appointments as conciliators or mediators are made under 29 U.S.C. § 172, the veterans preference provisions of Title 5 do not apply:

**29 U.S.C. § 172.** Federal Mediation and Conciliation Service

(b) Appointment of officers and employees; expenditures for supplies, facilities, and services

The Director is authorized, subject to the civil service laws, to appoint such clerical and other personnel as may be necessary for the execution of the functions of the Service, and shall fix their compensation in accordance with chapter 51 and subchapter III of chapter 53 of Title 5, and **may, without regard to the provisions of the civil service laws, appoint such conciliators and mediators** as may be necessary to carry out the functions of the Service. The Director is authorized to make such expenditures for supplies, facilities, and services as he deems necessary. Such expenditures shall be allowed and paid upon presentation of itemized vouchers therefor approved by the Director or by any employee designated by him for that purpose.

29 U.S.C. § 172(b) (emphasis added). The Board held that because conciliators and mediators of the FMCS are appointed "without regard to the provisions of the civil service laws," they are not subject to the provisions of Title 5.

The Office of Personnel Management explained this exclusion as follows:

... Congress has used variable language to describe [the exclusion by statute of positions from the appointing provisions of title 5, United States Code, and in some cases, other provisions as well], ranging from exceptions to the appointing requirements of the competitive service to exclusions from all provisions of title 5. The most commonly used language, however, provides appointing authority for the agency head "without regard to the provisions of title 5, United States Code, governing appointments in the competitive service" or in some cases **"without regard to the civil-service laws."** Under long-established legal interpretations (currently set out in FPM Chapter 212, *Framework of the Federal Civilian Service*), "the authority to separate, suspend, or furlough an employee or to reduce the employee's grade or pay is inherent in the power to appoint." In other words, when agencies have the power to appoint **without regard to the usual competitive or civil service laws, including veterans' preference,** this broad authority carries with it the authority to remove (and take adverse actions) without regard to those same laws.

58 Fed. Reg. 13,192 (Mar. 10, 1993) (emphasis added).

29 U.S.C. § 172(b) does not enumerate specific sections of Title 5 to be excluded. The Board determined that "[b]ecause appointments under 29 U.S.C. § 172(b) are made without regard to the civil service laws, such appointments are not subject to the provisions of Title 5." In *King v. Briggs* this court explained that when Congress excludes only certain sections of Title 5 from application, this will not be interpreted to exclude all the protections of Title 5. *See King v. Briggs,* 83 F.3d 1384, 1388 (Fed.Cir.1996) ("[S]ection

783(a), the statute under which Briggs was hired, gives the Council the option to employ an Executive Director 'without regard to the provisions of Title 5 governing appointments in the competitive service....' As the text of section 783(a) makes plain, Congress gave the Council the option of disregarding only certain parts of [T]itle 5. To interpret the section as giving the Council the option to disregard additional, unenumerated parts of [T]itle 5 would run afoul of the maxim *'expressio unius est exclusio alterius,'* and in a domain where ... Congress knows how to exempt a civil service position from the protections found in chapters 75 and 77 of [T]itle 5 if it so desires.")

The question thus arises of whether Congress, in enacting 29 U.S.C. § 172(b), excluded *sub silentio* access for preference-eligible veterans seeking specifically excepted positions to the veterans preference provisions of Title 5, including the veterans preference provisions of the VEOA enacted in 1998. The FMCS states in its brief that none of the veterans preference provisions apply, due to the § 172 exclusion.

It is relevant that the position Mr. Young seeks is in the "excepted service," and subject to 5 C.F.R. Part 302. Specifically, 5 C.F.R. § 302.101(a) states that the applicability of the veterans preference provisions of Title 5 must be provided by statute for a noncompetitive service position that is not subject to the provisions of Title 5:

§ 302.101 Positions covered by regulations.

(a) *Positions covered.* **With respect to the application of veteran preference, this part applies to each position in the Executive Branch of the Federal Government that is not in the competitive service and that is subject to the provisions of title 5, United States Code, or sub-**

ject to a statutory requirement to follow the veteran preference provisions of title 5. With respect to restoration rights that are due to compensable injury and appeals therefrom, this part applies to those positions covered by 5 U.S.C. 8101(1) that are not in the competitive service.

(b) *Positions not covered.* This part does not apply to a position or appointment that is required by the Congress to be confirmed by, or made with the advice and consent of, the Senate.

Neither Mr. Young nor the FMCS cite any statutory requirement to apply the veterans preference provisions of Title 5 in this case, and we know of none. While 5 U.S.C. § 3320 states:

§ 3320. Excepted service; government of the District of Columbia; selection

The nominating or appointing authority shall select for appointment to each vacancy in the excepted service in the executive branch and in the government of the District of Columbia from the qualified applicants in the same manner and under the same conditions required for the competitive service by sections 3308–3318 of this title. This section does not apply to an appointment required by Congress to be confirmed by, or made with the advice and consent of, the Senate.

this section appears as part of Title 5, the laws that were specifically excepted for mediator positions in 29 U.S.C. § 172(b). In addition, the historical and statutory notes to section 3320 state that:

This section merely continues, and does not in any way change, the requirements in former section 858 relative to the selection of applicants for positions in the excepted service. Under this sec-

tion, the Federal Bureau of Investigation and other agencies having positions in the excepted service will continue to fill those positions in the same manner that they have been filled under former section 858. Such excepted appointments are appointments authorized to be made without regard to the statutes, rules, and regulations governing appointments in the competitive service and this is not changed.

The government states in its brief that "the regulations implementing the VEOA, moreover, provide that the VEOA does not apply to such an appointment." Although this court held in *Brown v. Department of Veterans Affairs,* 247 F.3d 1222, 1224–25 (Fed.Cir.2001) that a veteran is not accorded any preference under the Veterans' Preference Act of 1944 or the Vietnam Era Veterans' Readjustment Assistance Act of 1974 when seeking promotion or intra-agency transfers, unless a specific provision entitles him to preference after appointment, that is unrelated to applicability of the VEOA.

However, precedent establishes that excepted service appointments made without regard to competitive service provisions of Title 5, "exclude[ ] the statutory obligations of [T]itle 5 for appointments in the competitive service."[1] While the veterans preference regulations are applicable to some positions in the excepted service, *see* 5 U.S.C. § 3320, Congress has authority to remove certain positions from the scope of otherwise applicable regulations. Neither Mr. Young nor the government has established grounds for violation of veterans preference.

No costs.

1. *Cf. Thiess v. Witt,* 100 F.3d 915, 916–17    (Fed.Cir.1996) (42 U.S.C. § 5149(b)(1) states:

"In performing any services under this chapter, any Federal agency is authorized to appoint and fix the compensation of such temporary personnel as may be necessary, without regard to the provisions of title 5, United States Code, governing appointments in competitive service." While the appellants argue that the words of this statute do not mean that Congress intended to "exempt these temporary appointments" from the "entitlements of Federal employees under the Leave Act provisions of title 5," we conclude that "the plain text of § 5149(b)(1) excludes the statutory obligations of title 5 for appointments in the competitive service."); *Dodd v. Tennessee Valley Authority*, 770 F.2d 1038, 1040–41 & n. 6 (Fed.Cir.1985) (When an employee's appointment is specifically excepted under statute from the civil service laws, as in 16 U.S.C. § 831(b), it is "clear beyond peradventure" that such an appointment is in the excepted service. The competitive examination being the "touchstone of the competitive service," an appointment in the excepted service is conceded by the appellant to be exempted from condition on the passage of a competitive examination under 5 U.S.C. § 3304 and § 3361. However, once appointment to a position has occurred, and such applicant is a "preference eligible employee within the meaning of 5 U.S.C. § 3501(a)(3)(B), the Veterans' Preference Act of 1944 § 12, 5 U.S.C. § 3502(c), entitles [the employee] to a retention preference.... The fact that [the appellant] is an excepted service employee has no effect on his retention preference rights. 5 U.S.C. § 3501(b) states, 'this subchapter (retention preference) applies to each employee in or under an Executive agency.'").