# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TAE K. KIM,

Appellant,

v.

DEPARTMENT OF THE ARMY,

Agency.

DOCKET NUMBER
NY-3330-14-0269-I-1

DATE: February 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tae K. Kim, Gettysburg, Pennsylvania, pro se.

Matthew J. Geller, Esquire, West Point, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his request for corrective action under the Veterans Employment Opportunities Act of 1988 (VEOA) for failure to state a claim. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 In November 2013, the agency issued concurrent competitive and merit promotion vacancy announcements for two WG-08 Electrical Worker positions in West Point, New York. Initial Appeal File (IAF), Tab 7 at 11-16, 18-23. The appellant, a preference-eligible veteran, applied for the position under the merit promotion vacancy announcement NEBR13745183997224. IAF, Tab 5 at 2-7. Certificates of eligible candidates were generated for each announcement and forwarded to the selecting official. IAF, Tab 7 at 25-27, 29-30. The appellant was referred on the merit promotion certificate of eligibles, but the agency later informed him that he had not been selected and that the positions had been filled from the external vacancy announcement. IAF, Tab 5 at 9-10, Tab 7 at 26.

¶3 The appellant challenged his nonselection to the Department of Labor (DOL), questioning whether his veterans' preference rights had been correctly applied. IAF, Tab 7 at 49, 54. DOL determined that, because the appellant had

applied under the merit promotion procedure, veterans' preference rights did not apply. *Id.* at 54.

¶4     The appellant then appealed his nonselection to the Board, requesting a hearing and arguing that: (1) the agency failed to provide any notice that it was also advertising the vacancies under external vacancy procedures; and (2) the competitive and merit promotion announcements were unrelated and the agency should have made two selections from each announcement. IAF, Tabs 1, 9. After providing the appellant notice on VEOA jurisdiction and burdens of proof, the administrative judge issued an initial decision based on the written record. IAF, Tab 4, Tab 11, Initial Decision (ID) at 1. The administrative judge determined that the Board had jurisdiction over the appeal because the basis of the appellant's complaint was that the agency did not afford him his preference in hiring. ID at 6. He concluded, however, that the agency was not required to notify the appellant that it was using more than one hiring authority to fill a vacancy or to consider his application under external hiring procedures just because he applied under the merit promotion process. ID at 9-10. Further, the administrative judge found that no VEOA violation occurred because the appellant was allowed to compete under the merit promotion procedures. ID at 4, 10. Accordingly, the administrative judge dismissed the appeal for failure to state a claim upon which relief may be granted.[2]

¶5     The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3. On review, the appellant asserts that the initial decision was incorrectly decided because the two vacancy announcements were not for the same position. PFR

---

[2] An appeal that is within the Board's jurisdiction can be dismissed, without a hearing, for failure to state a claim upon which relief can granted if the appellant cannot obtain effective relief before the Board even if his allegations are accepted as true. *Young v. Federal Mediation & Conciliation Service*, 93 M.S.P.R. 99, ¶ 5 (2002), *aff'd*, 66 F. App'x 858 (Fed. Cir. 2003).

File, Tab 1 at 4. We note, however, that this contention appears to be soundly refuted by the record evidence; the vacancy announcements were for positions in the same occupational series and grade level at the same facility during the same time period, and the descriptions of the duties were essentially identical. *Compare* IAF, Tab 7 at 11-16, *with id.* at 18-23. Moreover, an agency is not required to fill every position for which a vacancy announcement has been posted and is permitted to cancel a vacancy announcement for any reason that is not contrary to law. *See Abell v. Department of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003). Lastly, as explained by the administrative judge, an agency is permitted to announce a single vacancy under both merit promotion and competitive procedures simultaneously, and it is permitted to make a selection from either certificate. *See Joseph v. Federal Trade Commission*, 103 M.S.P.R. 684, ¶ 11 (2006), *aff'd*, 505 F.3d 1380 (Fed. Cir. 2007). The agency's decision to do so does not violate the veterans' preference rights of the individuals on the certificate from which it did not make its selection. *See Dean v. Consumer Product Safety Commission*, 548 F.3d 1370, 1372-74 (Fed. Cir. 2008). Thus, the administrative judge correctly found that the appellant has presented no allegation that, even if true, would entitle him to relief under VEOA.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.