**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 47**

Docket No. DC-3330-14-1058-I-1

**Michael A. Murphy Boston,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

July 28, 2015

<u>Michael A. Murphy Boston</u>, Troy, Virginia, pro se.

<u>Michael E. Hokenson</u>, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA).  For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision.  However, we MODIFY the initial decision to find that the agency was not required to apply Title 5 veterans' preference rights and the appellant was not entitled to veterans' preference under the agency's regulations.

BACKGROUND

¶2      The appellant, a 10-point preference-eligible veteran, was previously employed by the agency's U.S. Army Intelligence and Security Command, National Ground Intelligence Center (NGIC) as a GG-0132-13 Intelligence Specialist until he resigned, effective April 7, 2012.  Initial Appeal File (IAF), Tab 6 at 13, 23.  In June or July 2014, he applied for a GG-0132-13 excepted service Intelligence Specialist position with NGIC.  IAF, Tab 1 at 16, Tab 6 at 15. The vacancy announcement for the position indicated that multiple vacancies were available and that applications would be accepted from both internal and external candidates.  IAF, Tab 6 at 15-16.  According to the agency, it generated three certificates of eligible candidates:  (1) status candidates (individuals with prior Federal service); (2) nonstatus candidates (individuals with no prior Federal service and no veterans' preference eligibility); and (3) veterans' preference eligible candidates.  IAF, Tab 6 at 5 & nn.2, 4; *id.* at 34-50.  The appellant was placed on the status candidate list and referred to the selecting official, but was not selected for any of the positions.  IAF, Tab 6 at 5, 35.  The agency hired two other individuals from the status candidate list and one individual from the veterans' preference list.  *Id.* at 5, 35-36, 46.

¶3      After exhausting his administrative remedies before the U.S. Department of Labor (DOL), the appellant filed a Board appeal alleging that the agency's decision not to select him violated his veterans' preference rights.  IAF, Tab 1 at 5, 17.  In response, the agency asserted that the appellant was not entitled to veterans' preference and that it had properly placed him only on the status candidate list in accordance with Department of Defense Instruction (DoDI) 1400.25, which states that veterans' preference does not apply to prior Federal employees.  IAF, Tab 6 at 5; DoDI No. 1400.25, Volume 2005, Enclosure 2, ¶ 15b-c (Mar. 3, 2012), *available at* http://www.dtic.mil/whs/directives/corres/pdf /1400.25-V2005.pdf.  The agency further asserted that the Title 5 provisions

relating to veterans' preference rights did not apply because the positions were filled pursuant to 10 U.S.C. § 1601.  IAF, Tab 6 at 7-8.

¶4         The administrative judge found that the Board has VEOA jurisdiction over the appeal, but that the appellant was not entitled to his requested hearing because, based on the written record, there were no genuine issues of material fact and the appellant failed to show that the agency violated his veterans' preference rights.  IAF, Tab 8, Initial Decision (ID).  In reaching his decision, the administrative judge found that, under DoDI 1400.25, the appellant, an applicant with prior Federal service, was properly placed on the status candidate list and was not entitled to veterans' preference consideration.  ID at 4-5.  The administrative judge further found that the agency made selections from the status list and that the agency's decision to fill the positions through merit promotion procedures rather than through the competitive process did not violate the appellant's rights under VEOA because an individual is not entitled to veterans' preference points under merit promotion procedures.  ID at 5-6; *Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008).

¶5         The appellant has filed a petition for review[1] in which he asserts that the initial decision and DoDI 1400.25 are inconsistent with Title 5 and Title 10 regulations, the agency improperly failed to respond to his discovery requests, and the administrative judge "permitted leniency on the part of the agency" by allowing the agency additional time to file its response.[2]  Petition for Review

---

[1] The appellant has filed additional copies of his petition for review.  Petition for Review (PFR) File, Tab 3.  For the sake of clarity, we cite only to the initially filed petition.

[2] To the extent the appellant is alleging that the administrative judge was biased in favor of the agency, we find that he has failed to set forth any evidence or argument to overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 46 (2014).

(PFR) File, Tab 1 at 3-4.  The agency has filed a response in opposition, and the appellant has filed a reply.[3]  PFR File, Tabs 2, 5.

## ANALYSIS

¶6      To establish jurisdiction over a VEOA appeal alleging a violation of veterans' preference rights, an appellant must (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that:  (i) he is a preference eligible within the meaning of VEOA, (ii) the action at issue took place on or after the date that VEOA was enacted, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference.  5 U.S.C. § 3330a(a)(1)(A); *Jarrard v. Social Security Administration*, 115 M.S.P.R. 397, ¶ 7 (2010), *aff'd*, 669 F.3d 1320 (Fed. Cir. 2012).  As applicable here, to be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency violated one or more of his statutory or regulatory veterans' preference rights in its selection process.  *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 10 (2010).

¶7      The Board has the authority to decide the merits of a VEOA appeal without a hearing if there is no genuine dispute of material fact and one party must prevail as a matter of law.  *Haasz v. Department of Veterans Affairs*,

---

[3] After the record on review closed on April 5, 2014, the appellant filed an untimely reply on April 10, 2015, without showing that it was based on evidence that was not readily available prior to the close of the record on review.  PFR File, Tabs 4-6; *see* 5 C.F.R. § 1201.114(k).  Notwithstanding this procedural defect, we find unavailing the appellant's arguments therein that 10 U.S.C. § 1601 is inapplicable to the Intelligence Specialist positions and that the provisions of DoDI 1400.25 are contradictory and ambiguous.  PFR File, Tab 5 at 4-6, 8.  Further, under 5 C.F.R. § 1201.114(a)(4), a reply is limited to the factual and legal issues raised by another party in the response to the petition for review and may not raise new allegations of error.  Thus, we decline to consider the appellant's new argument that his veterans' preference rights were violated because other current and former Defense Civilian Intelligence Personnel System employees were included on the veterans' preference eligible list.  PFR File, Tab 5 at 7-8.

108 M.S.P.R. 349, ¶ 9 (2008); *see* 5 C.F.R. § 1208.23(b). In this case, the administrative judge properly found that there is no genuine dispute of material fact and that, although the appellant established jurisdiction over his appeal, the record showed that the agency did not violate his veterans' preference rights. *See* ID. However, the administrative judge improperly found that the agency only made selections from the status list and applied Title 5 standards relating to veterans' preference rights when the agency filled the positions pursuant to its Title 10 hiring authority, under which it was not required to follow Title 5 veterans' preference rules.[4] *See* ID at 5-6. Therefore, we modify the initial decision to find that the agency was not required to apply Title 5 veterans' preference rights and that the appellant was not entitled to veterans' preference rights under the agency's regulations, which are reasonable and consistent with the requirement in 10 U.S.C. § 1601(a)(2) that it consider "the availability of preference eligibles for appointment."

¶8        The Intelligence Specialist positions to which the appellant applied are in the Defense Civilian Intelligence Personnel System (DCIPS) and were filled under the agency's Title 10 hiring authority. *See* IAF, Tab 6 at 15; DoDI No. 1400.25, Volume 2005, Enclosure 1, Enclosure 2, ¶ 2. Pursuant to 10 U.S.C. § 1601, the Secretary of Defense may "establish, as positions in the excepted service, such defense intelligence positions in the Department of Defense as the Secretary determines necessary to carry out the intelligence functions of the Department" and "appoint individuals to those positions (after taking into consideration the availability of preference eligibles for appointment to those positions)." 10 U.S.C. § 1601(a)(1)-(2). The Secretary's authority to do so

---

[4] Further, the administrative judge erred in finding that merit promotion procedures applied to the agency's selections from the status list. These procedures generally are limited to selecting among internal candidates and thus would not apply here. *See* *Joseph v. Federal Trade Commission*, 103 M.S.P.R. 684, ¶ 11 (2006), *aff'd*, 505 F.3d 1380 (Fed. Cir. 2007).

"applies without regard to the provisions of any other law relating to the appointment, number, classification, or compensation of employees." 10 U.S.C. § 1601(b).

¶9    Because Title 10 appointments are made "without regard to the provisions of any other law relating to the appointment . . . of employees," the Board has held that Title 5 veterans' preference rules do not apply to positions filled pursuant to 10 U.S.C. § 1601. *See Wilks v. Department of the Army*, 91 M.S.P.R. 70, ¶¶ 8-9 (2002); *see also Montee v. Department of the Army*, 110 M.S.P.R. 271, ¶ 13 (2008) (stating that 10 U.S.C. § 1601(b) arguably exempts military departments that are filling DCIPS positions from the requirements of 5 U.S.C. § 3304); *Young v. Federal Mediation & Conciliation Service*, 93 M.S.P.R. 99, ¶¶ 8-9 (2002) (appointments made "without regard to the provisions of the civil service laws" are not subject to the provisions of Title 5, including those relating to veterans' preference), *aff'd*, 66 F. App'x 858 (Fed. Cir. 2003).  Accordingly, we find that the agency was not required to apply Title 5 veterans' preference rights during the selection process for the Intelligence Specialist positions.

¶10   Though not required to apply Title 5 veterans' preference rights, the agency was required to consider the "availability of preference eligibles for appointment" to the positions under 10 U.S.C. § 1601(a)(2).  The statute's text and legislative history do not define or clarify what Congress meant by requiring appointments to be made "after taking into consideration the availability of preference eligibles."  National Defense Authorization Act for Fiscal Year 1997 (NDAA), Pub. L. No. 104-201, § 1632, 110 Stat. 2422, 2746 (1996).   The relevant language was first proposed by the Senate. *See* NDAA, S. 1745, 104th Cong. § 1132 (1996).  It was subsequently adopted into the corresponding bill from the U.S. House of Representatives in conference.[5]  *See* H.R. Rep.

---

[5] A prior version of the statute, which was repealed, did not contain a reference to veterans' preference. *See* 10 U.S.C. § 1590 (1994) (providing the Secretary of Defense

No. 104-724, at 825-26 (1996) (Conf. Rep.). No reports from either the U.S. House of Representatives or the U.S. Senate discuss the meaning of the language. *See* H.R. Rep. No. 104-724, at 336, 825-26 (providing the text for, and generally discussing, amendments relating to the authority of the Secretary of Defense to manage civilian personnel in the Department of Defense intelligence community); H. Comm. on National Security, H.R. Rep. No. 104-563 (1996) (containing no discussion of the relevant language); S. Select Comm. on Intelligence, S. Rep. No. 104-278 (1996) (same); S. Rep. No. 104-267 (1996) (same).

¶11        Under 10 U.S.C. § 1613, Congress authorized the Secretary of Defense to prescribe regulations to carry out section 1601. DoDI 1400.25, issued pursuant to 10 U.S.C. § 1613, addresses veterans' preference rights and provides that the determination and application of veterans' preference is not required when considering former DCIPS employees or candidates with prior Federal competitive or excepted service who have completed a probationary or trial period and have not been separated for cause. DoDI No. 1400.25, Volume 2005, ¶ 8, Enclosure 2, ¶ 15b-c. DoDI 1400.25 further provides that, when filling positions with external applicants new to Federal service, preference-eligible veterans shall be granted preference in selection over nonpreference-eligible candidates with substantially equal qualifications. *Id.*, Enclosure 2, ¶ 15a. We find that DoDI 1400.25 is reasonable and consistent with the statute to the extent it requires the application of veterans' preference as a tie-breaker for DCIPS external new employee hiring. *See Hawkins v. United States*, 469 F.3d 993, 1000 (Fed. Cir. 2006) (where a statute is silent or ambiguous on a specific issue, the Board must sustain the agency's interpretation if it is "based on a permissible construction" of the statute) (citing *Chevron, U.S.A., Inc. v. Natural Resources*

with the authority to appoint employees to carry out military department intelligence functions "without regard to the provisions of any other law relating to the number, classification, or compensation of employees"); NDAA, § 1633(a), 110 Stat. at 2571 (repealing this section).

*Defense Council, Inc.*, 467 U.S. 837, 842-43 & n.9 (1984)). Thus, we agree with the administrative judge that, applying DoDI 1400.25, the appellant, a former DCIPS employee, was not entitled to veterans' preference rights.

¶12  The appellant also argues on review that the "[r]esponse to interrogatories was never addressed." PFR File, Tab 1 at 3. The record reflects that the appellant filed three pleadings below that could be construed as discovery requests. IAF, Tab 1 at 20-21, Tab 3 at 4, Tab 7 at 4-5. However, discovery requests and responses are not to be filed in the first instance with the Board. 5 C.F.R. § 1201.71. The administrative judge properly advised the appellant of the Board's regulations regarding discovery and notified him that, unless he was filing a motion to compel, he could not submit discovery requests and responses to the Board. IAF, Tab 2 at 4-5. Thus, to the extent that the appellant contends that the administrative judge committed any error as to his discovery requests, we disagree because the appellant failed to file a motion to compel below. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (an appellant's failure to file a motion to compel prior to the close of record below precludes him from raising a discovery dispute for the first time on petition for review), *aff'd*, 167 F. App'x 217 (2006); *see also* 5 C.F.R. § 1201.73(c) (indicating the requirements for a motion to compel). Even if the appellant had filed a motion to compel, he has not shown how the information he sought to discover would have changed the result in his appeal, and thus he does not state a basis for granting review. *See Russell v. Equal Employment Opportunity Commission*, 110 M.S.P.R. 557, ¶ 15 (2009).

## ORDER

¶13  This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.