# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DARIN YOUNG,

        Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

        Agency.

DOCKET NUMBER
CH-3330-23-0258-I-1

DATE: August 23, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Darin Young</u>, Fairborn, Ohio, pro se.

<u>Amber Groghan</u>, Akron, Ohio, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and AFFIRM the initial decision AS MODIFIED.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

We MODIFY the initial decision to find that the Board has jurisdiction over the appeal and DISMISS the appeal for failure to state a claim upon which relief can be granted.

## BACKGROUND

¶2 On March 30, 2023, the appellant filed an initial appeal alleging, without explanation, that he is a preference eligible with more than 11 years of Federal service and that the agency violated his veterans' preference rights. Initial Appeal File (IAF), Tab 1 at 1, 3, 5. He subsequently submitted a letter from the Department of Labor (DOL) dated March 15, 2023, advising him that DOL had investigated his veterans' preference complaint filed under VEOA and found that he did "not meet the eligibility requirements" and that it had closed its file on the matter. IAF, Tab 2. The letter provided the appellant with Board appeal rights, and he filed the instant appeal. *Id.*; IAF, Tab 1.

¶3 The administrative judge thereafter issued an order informing the appellant that there was a question as to whether his appeal was within the Board's jurisdiction, providing him with the requirements to establish Board jurisdiction under VEOA, and directing him to file evidence and argument on that issue. IAF, Tab 4. The appellant responded, explaining that he believed the agency violated his veterans' preference rights under "5 U.S.C. 2108, VA Handbook 5005/49, VA Handbook on erroneous appointments, 38 U.S.C.101(10), Public Law 109-163, Public Law 105-339, etc." when he was removed from his job as a Housekeeping Aid Supervisor with the agency on December 14, 2022.[2] IAF, Tab 7 at 4-5. The appellant also alleged that the agency was "not lawful in the hiring of non-preference eligible employees that are not veterans to restricted housekeeping aid positions" and, as such, these are "erroneous appointments." *Id.* at 4.

---

[2] The appellant explicitly noted that he was "not pursuing a claim for the same violation under any other law, rule, or regulation." IAF, Tab 7 at 5.

¶4     Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant did not make nonfrivolous allegations of Board jurisdiction.[3]  IAF, Tab 11, Initial Decision (ID) at 1, 5.  The administrative judge found that the appellant's "unadorned claim" that the agency violated his veterans' preference rights when it removed him from Federal service failed to state a claim under VEOA.  ID at 4.  The administrative judge also concluded that the Board lacked jurisdiction over the appellant's claim that the agency has hired individuals who did not have veterans' preference because the appellant did not cite any authority requiring the agency to hire only preference eligibles and because Board appeal rights only extend to individuals alleging a violation of preference rights with respect to themselves.  ID at 4-5.

¶5     The appellant has filed a petition for review, arguing that the administrative judge erred in finding that he did not nonfrivolously allege Board jurisdiction over his appeal and clarifying that he did not allege that the agency was required to hire only preference eligibles and that he did not file an appeal on behalf of any other person, group, or organization.  Petition for Review (PFR) File, Tab 1.  The agency filed a response.[4]  PFR File, Tab 3.

---

[3]  After the appellant's response to the administrative judge's jurisdictional order discussed above, the administrative judge issued a supplemental jurisdictional order providing the appellant with the applicable standards for claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) out of an abundance of caution, and instructed him to make a nonfrivolous allegation of Board jurisdiction if he wished to pursue a claim under USERRA.  IAF, Tab 10.  The appellant did not respond.

[4]  The appellant has filed a petition for review in a separate individual right of action (IRA) appeal before the Board.  *Young v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-23-0180-W-1, Petition for Review File, Tab 1.  Although the agency filed a response to the appellant's petition for review in this case, the content of its response concerns the appellant's IRA appeal.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred in dismissing the appeal for lack of jurisdiction.</u>

¶6        The Board has jurisdiction over two types of VEOA claims:  (1) the denial of a right to compete; and (2) the violation of a statute or regulation relating to veterans' preference.  *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1) ("right-to-compete" claims); *see generally Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015). Here, the appellant alleged a violation of a statute or regulation relating to veterans' preference.  IAF, Tab 1 at 3, Tab 7 at 5.  As the administrative judge correctly explained, to establish Board jurisdiction over a veterans' preference VEOA claim, an appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is preference eligible within the meaning of VEOA; (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference.  ID at 3; *see Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 6 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016).  An appellant need not state a claim upon which relief can be granted for the Board to have jurisdiction over a VEOA claim. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008).

¶7        In this case, the administrative judge did not make explicit findings as to each of the above jurisdictional requirements.  ID at 2-4.  It appears undisputed, however, and the record reflects, that the appellant showed that he exhausted his remedy with DOL and that he nonfrivolously alleged that the action at issue here, his removal, took place after October 30, 1998.  ID at 2-5; IAF, Tab 7 at 4, 6, Tab 9 at 7-8, 11.  We also find that the appellant nonfrivolously alleged that he is a preference eligible within the meaning of VEOA because he declared under penalty of perjury in his jurisdictional response that he is "a preference eligible veteran with [3] years of active-duty service in the United States Army" and that the agency has "noted [his] veterans' preference in block 24 of [his] [Standard

Form-50].” IAF, Tab 7 at 3, 5; *see also* 5 U.S.C. § 2108(1)-(3) (defining veteran, disabled veteran, and preference eligible); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012) (defining preference eligible veteran); *Badana v. Department of the Air Force*, 104 M.S.P.R. 182, ¶ 10 (2006) (noting that an appellant need not *prove* that he is a preference eligible to establish Board jurisdiction over a VEOA claim and finding that a Department of Veterans Affairs disability rating constituted a nonfrivolous allegation that an appellant was entitled to veterans’ preference); 5 C.F.R. § 1201.4(s) (defining nonfrivolous allegation).

¶8        Regarding the final jurisdictional requirement, the administrative judge found it unmet because the “appellant’s contention that his preference rights were violated when he was [removed] from employment does not, without more, plausibly state a claim under the VEOA.” ID at 4. We disagree. As the appellant points out in his petition for review, he specifically stated in his jurisdictional response that he believes that the agency violated his veterans’ preference rights under “5 U.S.C. 2108, VA Handbook 5005/49, VA Handbook on erroneous appointments, 38 U.S.C.101(10), Public Law 109-163, Public Law 105-339, etc.” IAF, Tab 7 at 5; PFR File, Tab 1 at 5. The Board has held that, at the jurisdictional stage, an appellant’s claim that the agency violated his veterans’ preference rights should be liberally construed. *Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 8 (2006); *Young v. Federal Mediation and Conciliation Service*, 93 M.S.P.R. 99, ¶¶ 6-7 (2002) (citing the legislative history of VEOA for the proposition that it was intended to be a “user-friendly, yet effective” redress mechanism for the violation of veterans’ preference rights), *aff’d*, 66 F. App’x 858 (Fed. Cir. 2003). Pro se petitioners are not expected to frame issues with the precision of a common law pleading, and the Board has even held that an appellant’s allegation, in general terms, that his veterans’ preference rights were violated is sufficient to meet the nonfrivolous allegation standard. *Elliott*, 102 M.S.P.R. 364, ¶ 8; *see Haasz*, 108 M.S.P.R. 349, ¶ 7

(finding that the appellant's allegation that the agency violated an unspecified law relating to veterans' preference was sufficient to meet the nonfrivolous allegation requirement). As a result, we disagree with the administrative judge's conclusion on this point and modify the initial decision to find that the appellant nonfrivolously alleged that the agency violated his rights under a statute or regulation relating to veterans' preference. Furthermore, because the appellant also established the other jurisdictional requirements, we modify the initial decision to find that the appellant established Board jurisdiction over his appeal.[5]

<u>Although the Board has jurisdiction over the appeal, it must be dismissed for failure to state a claim upon which relief can be granted.</u>

¶9        We nevertheless dismiss the appellant's request for corrective action because he has failed to state a claim upon which relief can be granted. An appeal that is within the Board's jurisdiction can be dismissed for failure to state a claim upon which relief can be granted if the appellant cannot obtain effective relief before the Board even if his allegations are accepted as true. *Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 11 (2010), *aff'd*, 407 F. App'x 458 (Fed. Cir. 2011). In appraising the sufficiency of an appeal, the Board will not dismiss an action for failure to state a claim unless it appears beyond doubt that the appellant can prove no set of facts in support of his claim that would entitle him to relief. *Id.* Dismissal for failure to state a claim is appropriate only if, taking the appellant's allegations as true and drawing all reasonable inferences in his favor, he cannot prevail as a matter of law. *Id.*

¶10       Below, the administrative judge placed the appellant on notice of his burden to show a genuine dispute of material fact in order to receive a hearing. The administrative judge stated in the jurisdictional order that, "[i]f the appellant

---

[5] Although the appellant explains in his petition for review that he did not intend to argue that the agency was required to hire only preference eligibles and clarifies that he did not file his appeal on behalf of any other person, we agree with and find no reason to disturb the administrative judge's finding that the Board lacks jurisdiction over such a claim. PFR File, Tab 1 at 7-8; IAF, Tab 7 at 4; ID at 4-5.

meets the burden of proving jurisdiction, he will be granted a hearing if he requested one and shows that there is a genuine dispute of material fact that must be resolved to determine whether the agency violated any of the rights discussed above." IAF, Tab 4. The administrative judge defined the terms "genuine" and "material," as well as the preponderant evidence standard. *Id.* at 8. On review, although the appellant generally states that the initial decision contains erroneous findings of material fact, none of his arguments concern the fact that the action at issue he is raising is his removal from his position as a Housekeeping Aid Supervisor in 2022. PFR File, Tab 1. As a result, we find that the appellant had adequate notice of the standard and burden of proof he needed to satisfy to receive a hearing. *See Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 14 (2007).

¶11 As the administrative judge correctly pointed out, the Board has held that veterans' preference rules appear to apply only to hiring and retention during a reduction in force. *Loggins v. U.S. Postal Service*, 112 M.S.P.R. 471, ¶ 15 (2009) (citing 5 U.S.C. §§ 3308-3320, 3501-3504); *Livingston v. Office of Personnel Management*, 105 M.S.P.R. 314, ¶ 15 (2007); ID at 4. The appellant has not made any allegations of such circumstances here. The appellant has not identified, and we are not aware of, any statute or regulation providing veterans' preference to removals in general. Accordingly, we find that the appellant's claim is not one on which corrective action under VEOA can be granted, and we dismiss the VEOA claim, without the requested hearing, based on a failure to state a claim. *See Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 8 (2007) (finding that the Board has the authority to decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law).

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.